STEINBERG, Judge,
dissenting:
I voted to grant the motion for a panel decision because I believe that the September 30, 1998, Board of Veterans’ Appeals (Board or BVA) decision must be vacated because of a change in the applicable regulation governing the award of Department of Veterans Affairs (VA) service connection for post-traumatic stress disorder (PTSD).
The Board denied service connection for PTSD in this case, despite the existence of at least seven records showing diagnoses, treatment, or both, of PTSD by VA physicians. See Record (R.) at 96 (November 1991 VA hospital discharge report, follow *32 ing hospitalization period of one month, including diagnosis of “Vietnam [PTSD]”); R. at 191 (June 1993 VA outpatient record of treatment for PTSD); R. -at 212, 216 (February and April 1992 assessments of veteran as having PTSD); R. at 294 (December 1994 VA diagnosis of PTSD); R. at 300 (April 1995 VA notation that veteran “continues to have problems with PTSD”); R. at 320 (March 1996 VA diagnosis of PTSD); see also R. at 138 (December 1991 VA compensation and pension examination report noting that veteran had “some symptoms suggestive of PTSD”); R. at 183 (VA medical certificate noting history of PTSD).
At the time of the Board decision, 38 C.F.R. § 3.304(f) (1997) required that an award of “[sjervice connection for [PTSD] ... requires medical evidence establishing a clear diagnosis of the condition”. See Harth v. West, 14 Vet.App. 1, 5 (2000). The Board expressly articulated that “clear diagnosis” criterion and then found “no clear diagnosis of PTSD which has been linked to the veteran’s period of service” (R. at 11) and that “a clear diagnosis of PTSD has not been established” (R. at 13). In this regard, it is notable that the Board conceded that the Environmental Support Group (ESG) had confirmed “one of the veteran’s claimed in-service stres-sors” (R. at 12, 274) — which the veteran had testified under oath in October 1997 before the Board was the “dominant stres-sor” that he could remember from his service in Vietnam, namely, when he “s parts of’ the dead body of Dennis Tripp, who had been a personal friend of the veteran, after Mr. Tripp stepped on a land mine (R. at 504-06).
The regulation, § 3.304(f), relied upon by the Board “has since been amended, see 64 Fed.Reg. 32,807 (1999), and the amended version, which VA made retroactively effective to March 7, 1997, a date before the June 1998 BVA decision here on appeal, no longer requires evidence of a ‘clear diagnosis’ of PTSD, see 38 C.F.R. § 3.304(f) (1999).” Harth, 14 Vet.App. at 5. Hence, the veteran is entitled to a read-judication of his claim under the revised regulation.[1] See Karnas v. Derwinski, 1 Vet.App. 308, 313 (1991) (“where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version mo[re] favorable to the appellant should apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so”).
Although the appellant did not raise to this Court, either in his principal brief or in his alternative motion for reconsideration or for a panel decision, the argument that the regulation relied upon by the Board has since been revised, the Kamas rule is a fundamental part of our caselaw. I feel compelled to dissent, because, given the strong evidence that the veteran has PTSD and the ESG’s confirmation of the claimed in-service combat stressor, the regulatory change could well alter the outcome on remand in the readjudication that would occur in the remand that I favor here.

. Under the current regulation, "[s]ervice connection for [PTSD] requires medical evidence diagnosing the condition in accordance with [38 C.F.R.] § 4.125(a)”. 38 C.F.R. § 3.304(0 (2000).